UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   SEP 17 2014   ★

**LONG ISLAND OFFICE**

-----------------------------------------------------------------X
JANET LOTITO, individually and on behalf of a class,

                Plaintiff,

        -against-

RECOVERY ASSOCIATES INC.,

                Defendant.
-----------------------------------------------------------------X

13-CV-5833 (SJF)(AKT)

**OPINION & ORDER**

FEUERSTEIN, District Judge:

On October 22, 2013, plaintiff Janet Lotito ("plaintiff") commenced this putative class action against defendant Recovery Associates Inc. ("defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* Pending before the Court are: (1) defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief; and (2) plaintiff's application for leave to amend the complaint. For the reasons set forth below, defendant's motion is granted in part and plaintiff's application is denied.

I.      BACKGROUND

      A.     Factual Background

On or about May 17, 2013, defendant sent, or caused to be sent, through the mail a form debt collection letter addressed to plaintiff ("the May letter"), (Complaint ["Compl."], ¶ 8), indicating, *inter alia*:

COURTESY NOTE

> This will notify you that our above named client has referred your
> seriously past due account to us for collection.
>
> While it is possible that your non-payment reflects a
> misunderstanding or oversight, we wish to advise that this balance
> as shown on the books and records of our client is long past due
> and must be paid at once.
>
> You are advised that unless you notify the office within 30 days
> that you dispute the validity of the debt or any portion thereof, we
> will assume that this debt is valid. If you notify this office in
> writing within 30 days of receipt of this notice, we will obtain
> verification of this debt or obtain judgment and mail you a copy of
> of [sic] such judgment or verification. If you request this office in
> writing within 30 days of receipt of this notice, we will provide you
> with the name and address of the original creditor, if different.

(Compl., Ex. A).

Defendant sent plaintiff a second letter, dated June 18, 2013 ("the June letter"), (Compl.,

¶ 12), indicating, *inter alia*:

> We have received no communication from you in response to our
> previous letter. We urge you to review your records as soon as
> possible so that you may advise us if our information is incorrect.
>
> If you require additional information concerning this matter please
> do not hesitate to contact the undersigned. If you wish, you may
> use the back of this letter to communicate with us. If you would
> like to talk about it, feel free to contact us at the number above.
>
> Be advised that should you not dispute this matter in writing within
> 30 days of our first communication to you, we will assume that our
> information is correct and proceed accordingly.

(Compl., Ex. B).

The back of both the May and June letters also contain the following validation notice in

bold type:

2

UNLESS YOU NOTIFY US THIS OFFICE [sic] WITHIN 30
DAYS AFTER RECEIVING THIS NOTICE THAT YOU
DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION
THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS
VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN
30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE
WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A
COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH
JUDGMENT OR VERIFICATION.. [sic] IF XYOU [sic]
REQUEST THIS OFFICE IN WRITING WITHIIN [sic] 30
DAAYS [sic] AFTER RECEIVING THIS NOTICE THIS OFFICE
WILL PROVIDE YOU WITH THE NAME AND ADDRESSOF
[sic] THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE
CURRENT CREDITOR. THIS IS AN ATTEMPT TO COLLECT
A DEBT. ANY INFORMATION YOU PROVIDE WILL BE
USED FOR THAT PURPOSE.

(Plaintiff's Response to Defendant's Motion to Dismiss ["Plf. Opp."], Ex. A)[1].


B.    Procedural History

On October 22, 2013, plaintiff commenced this putative class action against defendant

pursuant to the FDCPA. Specifically, plaintiff alleges: (1) that defendant violated 15 U.S.C. §

1692g by having a "policy and practice [of] mak[ing] * * * 'unelaborated demands' for

immediate payment and in doing so, [of] violat[ing] the FDCPA's prohibition against

communication in a manner which overshadows or is inconsistent with the disclosure of the

consumer's right to dispute the debt or request the name and address of the original creditor[,]"

(Compl., ¶ 29); and (2) that defendant violated 15 U.S.C. § 1692e because the June letter

---

[1] The copies of the May and June letters attached to the complaint contained only the front of
those documents. Plaintiff attached copies of the entire letters, front and back, as exhibits to her
response to the motion to dismiss. The validation notice on the back of both letters are identical,
typographical errors and all. As the complete documents are integral to the complaint, they are
properly considered on this motion to dismiss.

"falsely, deceptively and misleadingly informs the Plaintiff that if she fails to dispute the debt **in writing,** that the Defendant is free to assume its validity[,]" (Compl., ¶ 35) (emphasis in original).

Defendant now moves to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief and plaintiff moves pursuant to Rule 15(a)(2) for leave to amend the complaint to add a claim alleging that the May letter violated 15 U.S.C. § 1692g(a)(3).

## II.  Discussion

### A.  Standard of Review

The standard of review on a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678, 129 S. Ct. 1937.

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678, 129 S. Ct. 1937 (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557,

127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 127 S. Ct. at 1959.

In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See Aegis Ins. Services, Inc. v. 7 World Trade Co., L.P., 737 F.3d 166, 176 (2d Cir. 2013); Grullon v. City of New Haven, 720 F.3d 133, 139 (2d Cir. 2013). However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S. Ct. 1937. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679, 129 S. Ct. 1937. "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.; see also Ruston v. Town Board for Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010).

Nonetheless, a plaintiff is not required to plead "specific evidence or extra facts beyond what is needed to make the claim plausible." Arista Records, LLC v. Doe 3, 604 F.3d 110, 120-1 (2d Cir. 2010); see also Matson v. Board of Education of City School District of New York, 631 F.3d 57, 63 (2d Cir. 2011) ("While a complaint need not contain detailed factual allegations, it requires more than an unadorned, the defendant-unlawfully-harmed-me accusation." (internal quotations and citation omitted)). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679, 129 S. Ct. 1937.

5

In deciding a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must limit itself to the facts alleged in the complaint, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); see also ASARCO LLC v. Goodwin, 756 F.3d 191, 198 (2d Cir. 2014).

### B.      The FDCPA

For purposes of this motion, the parties do not dispute that plaintiff is a "consumer," the sum defendant attempted to collect from plaintiff is a "debt," and defendant is a "debt collector," as those terms are defined by the FDCPA. See 15 U.S.C. §§ 1692a(3), (5) and (6), respectively.

#### 1.      15 U.S.C. § 1692g

The FDCPA requires that debt collectors provide "fair notice to debtors of their rights." Weber v. Computer Credit, Inc., 259 F.R.D. 33, 37 (E.D.N.Y. 2009). To that end, "15 U.S.C. § 1692g requires debt collectors to include a 'validation notice' either in the initial communication with a consumer in connection with the collection of a debt or within five days of that initial communication, which must inform the consumer that he or she has certain rights, including the rights to make a written request for verification of the debt and to dispute the validity of debt." Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 309 (2d Cir. 2003); see also Spira v. Ashwood Financial, Inc., 358 F. Supp. 2d 150, 156 (E.D.N.Y. 2005) ("Section 1692g(a) of the

FDCPA requires that a debt collector who sends a letter requesting payment of a debt provide the alleged debtor with a 'validation notice' in its initial communication, or no later than five days thereafter.")[2]

Section 1692g "was enacted to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid[,]'" Ellis v. Solomon and Soloman, P.C., 591 F.3d 130, 134 (2d Cir. 2010) (quoting S. Rep. No. 95-382, at 4 (1977), reprinted in 1977 U.S. Code Cong. & Admin. News 1659, 1699), by giving "the consumer the right to dispute a debt claimed by a debt collector, and to seek verification of the validity of the debt." Jacobson v. Healthcare Financial Services, Inc., 516 F.3d 85, 89 (2d Cir. 2008). The complaint does not allege that the language of the May letter omitted any of the information required by Section 1692g(a) of the FDCPA.

---

[2] Section 1692g(a) of Title 15 of the United States Code provides, in relevant part:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing– (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

"After receiving a validation notice, the consumer has thirty days to mail a notice to the debt collector disputing the debt or requesting the name and address of the original creditor." Ellis, 591 F.3d at 134. "If the consumer disputes the debt or requests the name and address of the original creditor during the thirty-day 'validation period,' the debt collector must 'cease collection of the debt, or any disputed portion thereof' until the debt collector verifies the debt or obtains the name and address of the original creditor and 'a copy of such verification . . . or name and address of the original creditor, is mailed to the consumer by the debt collector.'" Id. at 134-35 (quoting 15 U.S.C. § 1692g(b)); see also Jacobson, 516 F.3d at 89 ("If the consumer notifies the debt collector in writing, within the thirty-day period afforded by the Act, that she disputes the debt or any portion of the debt, the debt collector must cease collection. * * * The debt collector may resume collection activities only when it has obtained verification of the debt, and has mailed a copy of the verification to the consumer." (quotations and citation omitted)). "However, the validation period 'is not a 'grace period'; in the absence of a dispute notice, the debt collector is allowed to demand immediate payment and to continue collection activity." Ellis, 591 F.3d at 135 (quoting Jacobson, 516 F.3d at 89); see also 15 U.S.C. § 1692g(b) ("Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor.") Plaintiff does not allege that she ever notified defendant in writing that she disputed the debt, or any portion thereof, or that she ever requested the name and address of the original creditor prior to receiving the June letter.

Nonetheless, "validation period collection activities and communications must not overshadow or contradict the validation notice." Ellis, 591 F.3d at 135 (quotations and citations omitted); see also 15 U.S.C. § 1692g(b) ("Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."); Jacobson, 516 F.3d at 90 ("[A] debt collector violates § 1692g(a), even if the collector includes an accurate validation notice, if that notice is overshadowed or contradicted by other language in communications to the debtor."); McStay v. I.C. System, Inc., 308 F.3d 188, 190 (2d Cir. 2002) ("[E]ven if the debt collector's notice contains all the information required by [the FDCPA], it will still violate Section 1692g if the letter also 'contains language that "overshadows or contradicts" other language informing a consumer of her rights.'" (quoting Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996))). "Whether collection activities or communications within the validation period overshadow or are inconsistent with a validation notice is determined under the 'least sophisticated consumer' standard." Ellis, 591 F.3d at 135 (quoting Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005)); see also Miller, 321 F.3d at 309 (accord). Pursuant to that objective standard, "[a] collection activity or communication 'overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain as to her rights.'" Ellis, 591 F.3d at 135 (quoting Jacobson, 516 F.3d at 90 (internal quotations and citation omitted)); see also Savino v. Computer Credit, Inc., 164 F.3d 81, 85 (2d Cir. 1998) ("A debt collection notice is overshadowing or contradictory if it fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights.") "By its very nature, * * * the least

9

sophisticated consumer test pays no attention to the circumstances of the particular debtor in question * * *." Easterling v. Collecto, Inc., 692 F.3d 229, 234 (2d Cir. 2012); see also Jacobson, 516 F.3d at 91 ("[I]n order to prevail [on a FDCPA claim], it is not necessary for a plaintiff to show that she herself was confused by the communication she received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would be confused.")

"The hypothetical least sophisticated consumer does not have the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer, but is neither irrational nor a dolt." Ellis, 591 F.3d at 135 (quotations and citation omitted); see also Spira, 358 F. Supp. 2d at 156 (holding that the "last sophisticated consumer" standard "requires the Court to analyze the collection letters from the perspective of a debtor who is uninformed, naive, or trusting, but is making basic, reasonable and logical deductions and inferences.") Lack of sophistication is not to be conflated with unreasonableness. Ellis, 591 F.3d at 135; see also Jacobson, 516 F.3d at 90 ("[I]n addition to protecting consumers against deceptive debt collection practices, the objective ['least sophisticated consumer'] test * * * protects debt collectors from unreasonable constructions of their communications. Even in 'crafting a norm that protects the naive and the credulous,' [the Second Circuit] ha[s] 'carefully preserved the concept of reasonableness.'" (quoting Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993))). "Accordingly, the FDCPA does not aid plaintiffs whose claims are based on 'bizarre or idiosyncratic interpretations of collection notices.'" Jacobson, 516 F.3d at 90 (quoting Clomon, 988 F.2d at 1320); see also Ellis, 591 F.3d at 135 (accord).

"[B]ecause the least sophisticated consumer standard is objective, the determination of how the least sophisticated consumer would view language in a defendant's collection letter is a

question of law." Castro v. Green Tree Servicing LLC, 959 F. Supp. 2d 698, 707 (S.D.N.Y. 2013); see, e.g. Russell, 74 F.3d at 33 (finding that questions of whether language in collection notices violated 15 U.S.C. §§ 1692g and 1692e(10) presented "[o]nly legal issues"); Vu v. Diversified Collection Services, Inc., 293 F.R.D. 343, 361 (E.D.N.Y. 2013) (finding that the issue of whether language in a collection letter overshadowed a validation notice was a question of law); Diaz v. Residential Credit Solutions, Inc., 965 F. Supp. 2d 249, 256 (E.D.N.Y. 2013) (recognizing that "the trend in the Second Circuit is to treat th[e] question [of whether a collection letter violates Section 1692g of the FDCPA] as a matter of law that can be resolved on a motion to dismiss.")

No language in the May letter would make the least sophisticated consumer uncertain about her rights to dispute the debt or to request verification of the debt within thirty (30) days after her receipt of that letter under Section 1692(a) of the FDCPA. Although the body of text on the front of the May letter indicates, in relevant part, "[w]hile it is possible that your non-payment [of the past due balance] reflects a misunderstanding or oversight, we wish to advise you that this balance *as shown on the books and records of our client* is long past due and must be paid at once[,]" (Compl., Ex. A) (emphasis added), that sentence merely informed plaintiff that the creditor is seeking repayment of a balance it believes to be due and owing based upon its books and records. The challenged sentence does not demand that actual immediate payment be made within a specified time, nor threaten any adverse consequences for a failure to make immediate payment. The text on the front of the May letter then proceeds to explain in clear terms plaintiff's rights to dispute the debt and to seek verification of the debt, i.e., to seek to correct any misunderstanding or oversight reflected in the past due balance as shown on the

11

books and records of defendant's client, within thirty (30) days of her receipt of that letter. The back of the May letter contains a second validation notice further explaining clearly and accurately plaintiff's rights to dispute the debt and to seek verification of the debt within the thirty (30)-day validation period. Thus, reading the May letter in its entirety, even the least sophisticated consumer would understand that she had the option to submit a notice of dispute or to seek verification of the debt, i.e., to challenge the accuracy of the past due balance claimed by the creditor, during the thirty (30)-day validation period, rather than pay the balance claimed to be due and owing by the creditor. See, e.g. Jacobson, 516 F.3d at 92; Rumpler v. Phillips & Cohen Associates, Ltd., 219 F. Supp. 2d 251, 259 (E.D.N.Y. 2002) (finding that a request for payment that did not demand immediate payment within a specified time or threaten adverse consequences in the event of nonpayment was "not 'confusing' or "contradictory" such that the least sophisticated consumer would be unclear that she had thirty days to dispute the validity of the debt.")

"[A] request for immediate payment [does] not, standing alone, violate the FDCPA." Savino, 164 F.3d at 85-86; see also Jacobson, 516 F.3d at 92 (accord). A debt collector has the "right to demand payment, even within the thirty-day period, unless the customer submits a notice of dispute," Jacobson, 516 F.3d at 89 n. 4; see also Spira, 358 F. Supp. 2d at 158 ("[A]bsent notification from the consumer that she disputes the debt, the debt collector may continue its collection efforts during the validation period." (quotations and citation omitted)), which plaintiff did not do prior to her receipt of the June letter. Although demands for immediate payment "may cause confusion about the right to dispute [a debt], and will sometimes, in that way, lead debt collectors to run afoul of the [FDCPA]," Jacobson, 516 F.3d at

12

91, "only if the demand for payment obscures the right to dispute the debt within 30 days is an issue of overshadowing raised." Weber, 259 F.R.D. at 39 (quotations, emphasis and citation omitted).

No language in the May letter obscures the validation notice. Even the least sophisticated consumer could not be misled by the language in the May letter into thinking that she should forego requesting validation of the debt within the thirty (30)-day period, as set forth in clear language on both the front and back of the May letter, in favor of paying the balance claimed to be due and owing by the creditor. See, e.g. Jacobson, 516 F.3d at 92 (finding that although the validation letter contained a demand for immediate payment, the body of the letter adequately explained the plaintiff's rights to dispute the debt and seek verification of the debt so that "even the least sophisticated debtor would understand that she had the option to submit a notice of dispute, rather than pay the claimed sum."); Spira, 358 F. Supp. 2d at 157 (finding no "actual or apparent contradiction" in a collection letter that presented the plaintiff with two options, i.e., to pay the debt or dispute it, and did not "suggest that [the plaintiff] forego the second option in favor of payment.") Accordingly, the branch of defendant's motion seeking dismissal of plaintiff's claim alleging a violation of Section 1692g of the FDCPA (first claim for relief) is granted and plaintiff's first claim for relief is dismissed in its entirety with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief.

### 2.    15 U.S.C. § 1692e

"The FDCPA creates a general prohibition against the use of 'false, deceptive, or misleading representation or means in connection with the collection of any debt.'" Miller, 321

13

F.3d at 300.[3] "Section 1692e contains a non-exhaustive list of practices within the purview of this prohibition * * *[,]" id., including "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

"[A] collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." Russell, 74 F.3d at 35; see also Easterling, 692 F.3d at 233 (accord). "The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the [FDCPA.]" Russell, 74 F.3d at 35. A collection notice that is "reasonably susceptible to an inaccurate reading" is deceptive within the meaning of the FDCPA. Id., 74 F.3d at 35.

Like claims under Section 1692g, courts "apply an objective test based on the understanding of the 'least sophisticated consumer' in determining whether a collection letter violates section 1692e." Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62 (2d Cir. 1993); see also Easterling, 692 F.3d at 233 ("Whether a collection letter is 'false, deceptive, or misleading' under the FDCPA is determined from the perspective of the objective 'least sophisticated consumer.'") "Additionally, several * * * circuit courts, as well as a number of district courts in this Circuit, read a materiality requirement into the FDCPA's prohibition of false, deceptive, or misleading practices in the collection of a debt." Gabriele v. American Home Mortgage Servicing, Inc., 503 F. App'x 89, 94 (2d Cir. Nov. 27, 2012) (summary order) (citing

---

[3] Section 1692e of the FDCPA provides, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

14

cases); see also Vu, 293 F.R.D. at 360 ("Some courts have incorporated a materiality prong into th[e] analysis" under Section 1692e); Castro, 959 F. Supp. 2d at 710 (accord); Fritz v. Resurgent Capital Services, LP, 955 F. Supp. 2d 163, 170 (E.D.N.Y. 2013) ("Many courts have read a materiality requirement into § 1692e. * * * The Second Circuit has not made an analogous pronouncement, but it did cite * * * cases with apparent approval in a recent summary order. [citing Gabriele, 503 F. App'x at 94] * * * While Gabriele is not binding precedent, the Court agrees that only material misrepresentations are actionable under the FDCPA.") "Thus, in determining whether a plaintiff has stated a claim under § 1692e of the FDCPA, courts have considered whether the false representations rest on material misrepresentations." Castro, 959 F. Supp. 2d at 710 (quotations and citation omitted); see also Sussman v. I.C. System, Inc., 928 F. Supp. 2d 784, 795 (S.D.N.Y. 2013) (accord). "[C]ommunications and practices that could mislead a putative-debtor as to the nature and legal status of the underlying debt, or that could impede a consumer's ability to respond to or dispute collection, violate the FDCPA." Gabriele, 503 F. App'x at 94; see also Fritz, 955 F. Supp. 2d at 170 (accord); Sussman, 928 F. Supp. 2d at 795 (accord). Although "debt collection practices that are contradictory, vague, or threatening create FDCPA liability as well[,]" Gabriele, 503 F. App'x at 95; see also Sussman, 928 F. Supp. 2d at 795 (accord), "mere technical falsehoods that misle[a]d no one" are insufficient to impose liability under Section 1692e. Gabriele, 503 F. App'x at 95 (brackets omitted) (quoting Donohue v. QuickCollect, Inc., 592 F.3d 1027, 1034 (9th Cir. 2010)).

"Debt collectors that violate the FDCPA are strictly liable, meaning that 'a consumer need not show intentional conduct by the debt collector to be entitled to damages.'" Easterling, 692 F.3d at 234 (quoting Russell, 74 F.3d at 33). Moreover, "[a] single violation of § 1692e is

15

sufficient to establish civil liability under the FDCPA." Clomon, 988 F.2d at 1318 (citation omitted); see also Bentley, 6 F.3d at 62 (accord).

As noted above, Section 1692g(a)(3) of the FDCPA requires a debt collector to send consumer debtors a validation notice that contains, *inter alia*, "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector[.]" The Second Circuit has held that Section 1692g(a)(3) "does not impose a writing requirement." Hooks v. Forman, Holt, Eliades & Ravin, LLC, 717 F.3d 282, 286 (2d Cir. 2013).

Initially, defendant's contention, in essence, that the June letter does not constitute a collection activity or communication sent to plaintiff during the thirty (30)-day validation period, is disingenuous. The last paragraph of the June letter advised plaintiff that "should [she] not dispute this matter in writing within 30 days of [the May letter], [defendant] will assume that [its] information is correction and proceed accordingly," thus indicating that the June letter was sent prior to the expiration of the validation period. If the June letter was sent after the expiration of the validation period, when plaintiff could not longer dispute the debt, the last paragraph of that letter would be rendered superfluous.

Although the May letter did not impose a writing requirement upon plaintiff's right to dispute the debt pursuant to Section 1692g(a)(3), (see Plf. Opp., Ex. A), the June letter indicates, in relevant part: "Be advised that should you not dispute this matter *in writing* within 30 days of our first communication to you, we will assume that our information is correct and proceed accordingly." (Compl., Ex. B) (emphasis added). "Even when the initial validation notice is adequate, a defendant 'may still be liable under * * * § 1692e(10) if it sends a subsequent

16

communication within the validation period that "overshadows or contradicts" such notice.'"
Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d 643, 660-61 (S.D.N.Y. 2006) (quoting
Barrientos v. Law Offices of Mark L. Nichter, 76 F. Supp. 2d 510, 513 (S.D.N.Y. 1999)).

The "operative inquiry" under Section 1692e is whether "the hypothetical least
sophisticated consumer could reasonably interpret" the challenged statement in the June letter to
represent, incorrectly, that a debt dispute must be made in writing. See, e.g. Easterling, 692 F.3d
at 234 ("[T]he operative inquiry in this case is whether the hypothetical least sophisticated
consumer could reasonably interpret the Collection Letter's statement that 'Your account is NOT
eligible for bankruptcy discharge,' * * *, as representing, incorrectly, that the debtor is
completely foreclosed from seeking bankruptcy discharge of the debt in question.") Since the
challenged language in the June letter can reasonably be interpreted by the least sophisticated
consumer as representing, incorrectly, that a debt dispute must be made in writing, the June letter
violates Section 1692e of the FDCPA as a matter of law.[4] Accordingly, the branch of
defendant's motion seeking dismissal of plaintiff's claim alleging a violation of 15 U.S.C. §
1692e (second claim for relief) is denied.[5]

---

[4] Even if a materiality prong applies to any analysis under Section 1692e, the challenged
statement in the June letter is clearly material since it "could impede a consumer's ability to
respond to or dispute collection." Gabriele, 503 F. App'x at 94.

[5] Since, *inter alia*, plaintiff has not cross-moved for judgment on the pleadings or summary
judgment pursuant to Rules 12(c) and 56 of the Federal Rules of Civil Procedure, and "[a] debt
collector may not be held liable . . . if the debt collector shows by a preponderance of evidence
that the violation was not intentional and resulted from a bona fide error notwithstanding the
maintenance of procedures reasonably adapted to avoid any such error[,]" 15 U.S.C. § 1692k(c),
judgment is not *sua sponte* granted in favor of plaintiff on this claim.

## C.    Leave to Amend

Plaintiff moves pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure for

leave to amend her complaint to allege that defendant violated 15 U.S.C. § 1692g(a)(3) by failing

to include a statement in the May letter that "unless the consumer, within thirty days after receipt

of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to

be valid by the debt collector[.]"

Although Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall

be given leave to amend "when justice so requires," leave to amend is not required where, *inter*

*alia*, a proposed amendment would be futile. See Grullon, 720 F.3d at 140; Anderson News,

L.L.C. v. American Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012), cert. denied sub nom Curtis

Circulation Co. v. Anderson News, L.L.C., 133 S. Ct. 846, 184 L. Ed. 2d 655 (2013). "Futility is

a determination, as a matter of law, that proposed amendments would fail to cure prior

deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure."

Panther Partners, Inc. v. Ikanos Communications, Inc., 681 F.3d 114, 119 (2d Cir. 2012).    "In

assessing whether the proposed [amended] complaint states a claim, [courts] consider the

proposed amendments along with the remainder of the complaint, * * * accept as true all non-

conclusory factual allegations therein, and draw all reasonable inferences in plaintiff's favor to

determine whether the allegations plausibly give rise to an entitlement to relief." Id.; see also

MetLife Investors USA Ins. Co. v. Zeidman, 734 F. Supp. 2d 304, 311 (E.D.N.Y. 2010), aff'd,

442 Fed. Appx. 589 (2d Cir. Sept. 19, 2011) ("[A] complaint amendment would be futile only if

the amended complaint would not contain enough allegations of fact to state a claim for relief

that is plausible on its face." (quotations and citation omitted)).

Section 1692g(a)(3) of the FDCPA requires a validation notice to contain "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector[.]"

The validation notice on the front of the May letter provides, in relevant part:

> "You are advised that unless you notify the office within 30 days that you dispute the validity of the debt or any portion thereof, we will assume that this debt is valid. If you notify this office in writing within 30 days of receipt of this notice, we will obtain verification of this debt or obtain judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days of receipt of this notice, we will provide you with the name and address of the original creditor, if different."

(Compl., Ex. A). In addition, the back of the May letter also contains the following validation notice in bold type:

> "UNLESS YOU NOTIFY US THIS OFFICE [sic] WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION.. [sic] IF XYOU [sic] REQUEST THIS OFFICE IN WRITING WITHIIN [sic] 30 DAAYS [sic] AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESSOF [sic] THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION YOU PROVIDE WILL BE USED FOR THAT PURPOSE."

(Plf. Opp., Ex. A).

Although the first sentence of the validation notice on the front of the May letter does not include the phrase "after receipt of the notice" and, thus, is ambiguous, see, e.g. Jacobson, 516

F.3d at 93; McStay, 308 F.3d at 191, it does not affirmatively misstate the consumer's time to dispute the debt. Cf. Cavallaro v. Law Office of Shapiro & Kreisman, 933 F. Supp. 1148, 1151 (E.D.N.Y. 1996) (finding that a validation notice that contained the inaccurate statement that the consumer could dispute the debt "within thirty (30) days from the date of th[e] notice" violated Section 1692g(a)(3)). Even the least sophisticated consumer would understand that the thirty (30)-day period to dispute the debt commenced when the notice was received since the two (2) sentences immediately following the challenged sentence on the front of the May letter properly designate the validation period as "within 30 days of receipt of this notice" and the validation notice on the back of the letter clearly and accurately indicates three (3) times, in bold capital letters, that the validation period is "30 days after receiving this notice." (Plf. Opp., Ex. A) (case converted to lowercase and emphasis omitted). While the first sentence of the validation notice may be ambiguous as to when the thirty (30)-day period begins, that ambiguity is clarified by five (5) other sentences in the May letter setting forth clear and accurate statements of the starting date for the thirty (30)-day validation period. See, e.g. Jacobson, 516 F.3d at 93 (rejecting the argument that a statement in a collection notice indicating that further action would be taken unless payment or a notice of dispute was submitted "within 30 days," without specifying when the period starts, casted doubt on the starting day for the thirty-day period to dispute a debt because the validation notice, which contained a clear and accurate statement of the starting date, clarified any possible ambiguity created by that sentence); McStay, 308 F.3d at 191 (finding that a collection notice that included the statement, "Please be advised that if after 30 days your account is not paid in full or otherwise closed, the account information will be forwarded to the National Credit Reporting Agencies" was ambiguous, but that "any confusion created by the

20

ambiguity on the front of the letter dissipate[d] when read in conjunction with the language on the back," which stated three times that the thirty (30)-day time period begins "after receiving this notice.") Since "[e]ven the least sophisticated consumer, reading the [May letter] in its entirety, would understand that the thirty-day dispute period started running from the day she received the letter[,]" Jacobson, 516 F.3d at 93, plaintiff cannot state a plausible claim that the May letter violated Section 1692g(a)(3) of the FDCPA. Accordingly, plaintiff's application seeking leave to amend the complaint to add a claim that the May letter violated Section 1692g(a)(3) of the FDCPA is denied on the basis that the proposed amendment is futile.

III.    Conclusion

For the reasons set forth above, (1) the branch of defendant's motion seeking dismissal of plaintiff's claim alleging violations of 15 U.S.C. § 1692g pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted, plaintiff's claim alleging violations of 15 U.S.C. § 1692g (first claim for relief) is dismissed in its entirety with prejudice for failure to state a claim for relief, and defendant's motion is otherwise denied; and (2) plaintiff's application for leave to amend the complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure is denied on the basis that the proposed amendment is futile.

SO ORDERED.                                s/ Sandra J. Feuerstein

                                           Sandra J. Feuerstein
                                           United States District Judge

Dated: September 17, 2014
       Central Islip, New York

21